# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ACADEMY HILL, INC.,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **CITY OF LAMBERTVILLE,** *et al.*, <br><br> *Defendants*. | Case No. 2:21-cv-01966-JDW |

## MEMORANDUM

Plaintiffs Academy Hill Inc. and Merrick Wilson want their claims heard in Pennsylvania, not New Jersey. As a Pennsylvania institution, the Court sympathizes with their position. But this case arises out of actions that all occurred in New Jersey, not in Pennsylvania, so venue lays in the District of New Jersey. Like a summer shore-goer, the Court will therefore transfer this case to New Jersey.

### I. BACKGROUND

In 2011, the City of Lambertville cited Academy Hill for failing to render a structure safe and failing to demolish that structure. The City filed a complaint in New Jersey, in the City of Lambertville Municipal Court. It is not clear whether the complaints were against Academy Hill, Mr. Wilson, or both. The Lambertville Court transferred the case to the Readington Township Municipal Court. On November 12, 2020, the Readington Court dismissed the complaints for a variety of reasons.

On April 28, 2021, Academy Hill and Mr. Wilson filed their Complaint in this case against the City of Lambertville, Julia Fahl, Benedetta Lambert, Wardell Sanders, Julia Taylor, Steven M. Stegman, Kenneth Rogers, David Delvecchio, Joseph Jingoli & Sons, Joseph Jingoli, and Michael

Jingoli. All Defendants reside in New Jersey. The Complaint alleges claims of malicious prosecution, infliction of psychological and emotional distress, and imposition of financial detriments.

Upon review of the Complaint, this Court issued an order for Plaintiffs to show cause why this Court should retain venue and not transfer this matter to the District of New Jersey or another more appropriate venue. In response, Plaintiffs argued that stated venue is proper because (a) Lambertville served the citations upon them in this District, and (b) the service of that citation is a substantial part of the events giving rise to their claims.

## II. LEGAL STANDARD

A district court can address a venue defect *sua sponte* if the court gives the plaintiff notice of its concern and an opportunity to be heard. *See Loper v. Broomall Rehab & Nursing Ctr*, No. 3:21-CV-795, 2021 WL 1737572, at *1 (M.D. Pa. May 3, 2021) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (district courts have the authority to raise the issue of defective venue on their own motion)). When there is an apparent venue defect, the court may either dismiss the action pursuant to 28 U.S.C. §1406 or transfer the case to a proper venue if it is in the interest of justice. *Loper*, 2021 WL 1737572, at *1-2. However, district courts should not dismiss *sua sponte* for improper venue absent extraordinary circumstances. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

## III. DISCUSSION

Under 28 U.S.C. § 1391(b), plaintiffs may bring a civil action in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." The substantiality requirement of Section 1391(b)(2) distinguishes venue from the minimum contacts test for personal jurisdiction. "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary [for the court] to look at the nature of the dispute." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). Events that might only have some tangential connection with the dispute in litigation are not enough. *See id.* at 294. The substantiality requirement "favors the defendant in a venue dispute." *Id.* at 294. In cases of malicious use of process, district courts in the Third Circuit have held that venue lays in the venue where the malicious prosecution occurred. *See, e.g., Tucker v. Interscope Records, Inc.*, No. 98-4288, 1999 WL 80363, at *2 (E.D. Pa. Feb. 17, 1999), *Cmty of Surgical Supply of Toms River v. Medline DiaMed, LLC*, No. 11-00221, 2011 WL 3235706, at *4 (D. NJ July 28, 2011).

All Defendants reside in New Jersey, so venue is not proper under 28 U.S.C. § 1391(b)(1) or § 1391(b)(3). To determine if a substantial portion of the events giving rise to the claim occurred in this District, the Court must consider the nature of the dispute to determine what events qualify as substantial. The claims here focus on Lambertville's prosecution of Plaintiffs. That prosecution occurred in New Jersey. It is true, as Plaintiffs argue, that Lambertville mailed citations to them in Pennsylvania, but the exercise of jurisdiction in Pennsylvania is not part of what gives rise to the malicious prosecution claim. Instead, the claim arises from factual questions about the citations (such as whether someone demolished the structure in question), issues with the length of the prosecution, and jurisdictional questions about whether the claim should have been filed in

Lambertville or in a different New Jersey court. Lambertville's exercise of jurisdiction over Pennsylvania residents is, at best, tangential to that prosecution.

IV. **CONCLUSION**

Mailing Mr. Wilson, a Pennsylvania resident, a summons to litigate the allegedly malicious claim in New Jersey has only a tangential connection with the dispute. Therefore, under *Cottman*, venue is improper in this Court, and the Court will transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1406(a). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

May 28, 2021